UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LARRY DARNELL GORE, JR., | : | CASE NO. 21-51345-JRS |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 trustee, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adv. Pro. No. _____ |
| | : | |
| MICHAELLE PRETLOW and DOUGLAS PRETLOW, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Larry Darnell Gore, Jr. ("**Debtor**"), by and through undersigned counsel, and files this Complaint (the "**Complaint**") against Michaelle Pretlow ("**Mrs. Pretlow**") and Douglas Pretlow ("**Mr. Pretlow**" and with Mrs. Pretlow, the "**Defendants**").

**Jurisdiction, Venue, and Parties**

1.

This adversary proceeding is initiated pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 11 U.S.C. §§ 105, 362, and 542.

17922496v1

2.

This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 because the claims asserted herein arise under Title 11 of the United States Code (the "**Bankruptcy Code**").

3.

Mrs. Pretlow is Debtor's mother, and Mr. Pretlow is his step-father. Defendants are subject to the jurisdiction of this Court.

4.

This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case *In re Larry Darnell Gore, Jr.*, Case No. 21-51345-JRS (the "**Case**" or "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

5.

This Complaint is a core proceeding pursuant to 28 U.S.C. §157.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Debtor's case is pending in this district and this division.

7.

Trustee consents to the entry of final orders or judgment by the Bankruptcy Court.

**Statement of Facts**

*a. General Background Facts*

8.

Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on February 17,

17922496v1

2021 (the "**Petition Date**").

9.

On September 27, 2021, the Case was converted to a case under Chapter 7 of the Bankruptcy Code.

10.

Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

### *b. The Property and Employment of a Broker*

11.

Prior to the Petition Date, Debtor was the sole owner of record of a certain real property with a common address of 198 Melody Lane, Lawrenceville, Georgia 30043 (the "**Property**"). [Doc. No. 1 at page 10 of 55].

12.

Debtor continues to be the sole owner of the Property.

13.

Even though Debtor is sole owner of the Property, he and the Defendants have lived together at the Property on and off again since Debtor purchased it in 2010.

14.

On his *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled (a) a purported secured claim in the Property of Midland Mortgage in the amount of $41,497.00; and (b) a purported secured claim in the Property of Navy Federal Credit Union in the amount of $72,069.00. [Doc. No. 1 at page 18 of 55]. Each of these entities filed proofs of claim in this Case, and their secured claims are in fact approximately $45,600.00 and $67,800.00,

respectively.

15.

Trustee had a licensed real estate broker inspect the Property, and the broker estimates that the Property has a value of approximately $320,000.00.

16.

As a result, it appears that there is significant equity in the Property that would benefit the Bankruptcy Estate if Trustee were to sell it.

17.

On December 9, 2021, Trustee filed an application [Doc. No. 55] (the "**Application**") to employ Humphries & King Realty and John V. Ball (collectively, the "**Broker**") as listing agent for the Bankruptcy Estate, and on December 10, 2021, the Court entered an order [Doc. No. 56] (the "**Employment Order**") granting the Application and authorizing Trustee to employ the Broker.

### *c. Denial of Access to the Property*

18.

After the Court entered the Employment Order, Mr. Ball made several attempts to access the Property to take photographs and prepare a listing of the Property.

19.

Each time that Mr. Ball attempted to access the Property either the scheduled appointments were cancelled or Debtor was unable to confirm the appointment.

20.

On January 20, 2022, John Brookhuis, attorney of record for Debtor, emailed Trustee and informed him that Debtor had moved out of the Property, that the Defendants were refusing to

17922496v1

speak to Debtor, and that the Defendants had changed the door code to the Property and were denying access to Debtor and Mr. Ball.

21.

After Trustee received this correspondence from Mr. Brookhuis, counsel for Trustee called the Defendants and left them voicemails, and he sent an email correspondence (the "**Email**") notifying them of the Bankruptcy Case and requesting that they cooperate with Trustee's sale efforts.

22.

A true and correct copy of the Email is attached hereto and incorporated herein by reference as Exhibit "A."

23.

Upon information and belief, Debtor hand delivered a hard copy of the Email to the Defendants.

24.

Defendants did not respond to the telephone calls or Email from Trustee's counsel.

25.

Since the Email was sent, Debtor has attempted to gain the Defendants' cooperation.

26.

Defendants have continued to refuse access to the Property to Debtor and Mr. Ball.

### d. The Notice of Bankruptcy Filing

27.

On December 22, 2021, Trustee caused a notice of bankruptcy filing (the "**Bankruptcy Notice**") to be recorded in the real estate records of Gwinnett County, Georgia beginning at page

17922496v1

342 of Deed Book 59535.

28.

The Bankruptcy Notice remains in the Real Estate Records and includes notice of Debtor's bankruptcy petition.

29.

A true and correct copy of the Bankruptcy Notice is attached hereto and incorporated herein by reference as Exhibit "B."

### e. Bad Faith of Defendants

30.

By refusing to cooperate with Trustee and the Broker and by denying access to the Property, Defendants have behaved in bad faith, have harmed the Bankruptcy Estate, and have violated the automatic stay of 11 U.S.C. § 362.

### f. Reservation of Rights

31.

During the course of this adversary proceeding, Trustee may learn (through discovery or otherwise) of transfers made to Defendants during any applicable period under the Bankruptcy Code or other applicable law. It is Trustee's intention to avoid and recover, under federal and state law, all transfers of any interest of Debtor in property made to or for the benefit of Defendants or any other transferee, including but not limited to preferential, fraudulent, and other unauthorized post-petition transfers. Trustee reserves the right to amend this Complaint to include: (i) further information regarding transfers, (ii) modifications of and/or revision to Defendants' names, and/or (iii) additional defendants that may become known to Trustee at any time during this Adversary Proceeding, through formal discovery or otherwise, and for all such

amendments to relate back to the date of filing of this original Complaint.

## COUNT I

### Defendants' Willful Violations of the Automatic Stay Under 11 U.S.C. § 362(a)(3)

32.

Trustee realleges the allegations of paragraphs 1 through 31 above as though fully set forth herein.

33.

The continuing refusals by Defendants to grant the Broker and thus Trustee access to the Property are acts by Defendants to obtain possession or to exercise control over the Property, which is property of the Bankruptcy Estate, and to gain an advantage over the Bankruptcy Estate's creditors and parties in interest.

34.

Upon information and belief, at all relevant times in this Adversary Proceeding, Defendants have had actual knowledge of the Bankruptcy Case.

35.

As a result of Defendants' willful violations of the Automatic Stay, Defendants are liable to Debtor's Bankruptcy Estate for its actual damages incurred plus punitive damages, costs, and attorney's fees pursuant to 11 U.S.C. §§ 105(a) and/or 362(k).

## COUNT II

### (Turnover and Removal Under 11 U.S.C. § 542)

36.

Trustee realleges the allegations of paragraphs 1 through 31 above as though fully set forth herein.

17922496v1

37.

The Property is property of the Bankruptcy Estate.

38.

Trustee may sell the Property under Section 363 of the Bankruptcy Code, and the Property is of consequential value to the Bankruptcy Estate.

39.

Trustee is entitled to turnover of the Property by Defendants and removal of the Defendants from the Property, under 11 U.S.C. § 542.

WHEREFORE, Trustee prays that this Court enter a judgment in favor of Trustee and against Defendants:

(a) holding that the Defendants' above-stated actions were willful violations of the Automatic Stay;

(b) ordering Defendants to pay to Debtor's Bankruptcy Estate all actual damages, costs, expenses, and attorney's fees pursuant to 11 U.S.C. §§ 105(a) and/or 362(k) in an amount to be proven at trial for their willful violations of the automatic stay;

(c) ordering Defendants to pay Debtor's Bankruptcy Estate punitive damages pursuant to 11 U.S.C. §§ 105(a) and 362 in an amount to be proven at trial for their willful violations of the automatic stay;

(d) ordering Defendants to turn over the Property to Trustee and removing them from the Property, under 11 U.S.C. §542; and

17922496v1

(e) granting such other and further relief as is just and proper.

Respectfully submitted this 18th day of March, 2022.

          ARNALL GOLDEN GREGORY LLP
          *Attorneys for Trustee*

          By:   */s/ Michael J. Bargar*
                Michael J. Bargar

171 17th Street, NW, Suite 2100      Georgia Bar No. 645709
Atlanta, GA 30363      michael.bargar@agg.com
404-873-7030

17922496v1

**EXHIBIT "A" FOLLOWS**

17922496v1

**Bargar, Michael J.**

| | |
|---|---|
| **From:** | Bargar, Michael J. <michael.bargar@agg.com> |
| **Sent:** | Thursday, January 20, 2022 6:00 PM |
| **To:** | pretlowdouglas@yahoo.com; mpret98@gmail.com |
| **Cc:** | docpret98@gmail.com; john@hkatlanta.com |
| **Subject:** | Larry Gore (Case No. 21-51345-JRS) |
| **Importance:** | High |

Dear Mr. and Mrs. Pretlow:

This firm represents S. Gregory Hays, as Chapter 7 trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Larry Gore, whose bankruptcy case is pending in the United States Bankruptcy Court, Northern District of Georgia.

When Mr. Gore filed his bankruptcy case, his Bankruptcy Estate was formed, and it includes all of Mr. Gore's legal and equitable interests in property, including that certain real property with a common address of 198 Melody LN, Lawrenceville, Georgia (the "**Property**").

Under the United States Bankruptcy Code, Trustee has an affirmative statutory duty to liquidate property of the Bankruptcy Estate, including the Property, for the benefit of Mr. Gore's creditors. In this regard, Trustee has employed a broker, John Ball (copied to this email), to list and market the Property for sale.

It is our understanding that you have changed the locks on the Property and are no longer allowing Mr. Gore or Mr. Ball access to the Property. This is a violation of the automatic stay and should cease, ***immediately***. As soon as possible, please call Mr. Ball at 404-418-2772 and advise him when he may access the Property. If we do not hear from you by the close of business tomorrow, Friday, January 21, 2022, Trustee has instructed me to immediately file a lawsuit seeking to remove you from the Property and for damages associated with your ongoing violation of the automatic stay of the United States Bankruptcy Code.

Thank you in advance for your time and attention. We look forward to your immediate cooperation.

Kind regards,

Mike

**Michael J. Bargar**
**Partner**

Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
p: 404.873.7030 f: 404.873.7031
michael.bargar@agg.com | bio | linkedin | vcard | website

1

**EXHIBIT "B" FOLLOWS**

17922496v1

```
DEED B: 59535 P: 00342
12/22/2021 09:26:28 AM Pgs: 4 Fees: $ 25.00
Tiana P Garner, Clerk of Superior Court
Gwinnett County, Georgia
```

Return to:

Michael J. Bargar, Esq.
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA 30363-1031

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 21-51345-JRS |
| ) | |
| **LARRY DARNELL GORE JR.,** *a.k.a.* ) | |
| **LARRY D. GORE, JR.,** ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |

Re:   Larry Darnell Gore Jr., *a.k.a.* Larry D. Gore, Jr.
      Land Lot 29, 7th District, Gwinnett County
      Lot 14, Block C, Collins Hill Heights Subdivision, Unit III

### NOTICE OF CLAIM OF CHAPTER 7 BANKRUPTCY TRUSTEE
### UNDER 11 U.S.C. SECTION 549(c)

Notice is hereby given that a Petition for Relief under Chapter 13 of the United States Bankruptcy Code was filed in the above-styled case (the "**Case**") on February 17, 2021. The Case was converted to a proceeding under Chapter 7 on September 27, 2021. The Chapter 7 Trustee, S. Gregory Hays, hereby claims an interest in any and all property that Larry Darnell Gore Jr., *a.k.a.* Larry D. Gore, Jr., has or formerly had an ownership interest, legal or equitable, including, but not limited to, the following described property:

17480167v1

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 29 OF THE 7TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 14, BLOCK C, COLLINS HILL HEIGHTS SUBDIVISION, UNIT III, AS PER PLAT RECORDED IN PLAT BOOK 70, PAGE 27, GWINNETT COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION.

SAID PROPERTY KNOWN GENERALLY AS 198 MELODY LANE, LAWRENCEVILLE, GWINNETT COUNTY, GEORGIA 30043.

This 10th day of December, 2021.

                              ARNALL GOLDEN GREGORY LLP
                              *Attorneys for Chapter 7 Trustee*

                              Michael Bargar
                              Ga. Bar No. 645709

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Telephone: (404) 873-8596

Signed in the presence of:

_Carol Jan Stewart_
Unofficial Witness

_Pamela E. Bicknell_
Notary Public
My Commission expires: 01/18/2022

[Notary Seal: PAMELA E BICKNELL, NOTARY PUBLIC, GWINNETT COUNTY, GA, Exp. Jan 18, 2022]

17480167v1



| Information to identify the case: | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | Larry Darnell Gore Jr. | | | Social Security number or ITIN | xxx-xx-4926 |
| | First Name   Middle Name   Last Name | | | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | | Social Security number or ITIN | ____ |
| | | | | EIN | __-_____ |
| United States Bankruptcy Court   Northern District of Georgia Court website: www.ganb.uscourts.gov | | | | Date case filed in chapter 13 | 2/17/21 |
| Case number:   21-51345-jrs | | | | Date case converted to chapter 7 | 9/27/21 |

## Official Form 309A (For Individuals or Joint Debtors)
### Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline       10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov . Copy fees or access charges may apply. A free automated response system is available at 866-222-8029 (Georgia Northern). You must have case number, debtor name, or SSN when calling.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1. Debtor's full name | Larry Darnell Gore Jr. | |
| 2. All other names used in the last 8 years | | |
| 3. Address | 198 Melody Lane Lawrenceville, GA 30043 | |
| 4. Debtor's attorney Name and address | John Gerard Brookhuis Brookhuis Law, LLC PO Box 17919 Atlanta, GA 30316 Contact phone (678) 390-8070 Email: brookhuisbankruptcy@gmail.com | |
| 5. Bankruptcy trustee Name and address | S. Gregory Hays Hays Financial Consulting, LLC Suite 555 2964 Peachtree Road Atlanta, GA 30305 | Contact phone (404) 926-0060 |

For more information, see page 2 >

Debtor  Larry Darnell Gore Jr.                                           Case number 21-51345-jrs

| 6. **Bankruptcy clerk's office** | M. Regina Thomas<br>Clerk of Court | Office Hours: 8:00 a.m. – 4:00 p.m. |
|---|---|---|
| Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 1340 United States Courthouse<br>75 Ted Turner Drive SW<br>Atlanta, GA 30303 | Court website: www.ganb.uscourts.gov<br><br>Contact phone 404-215-1000 |

| 7. **Meeting of creditors** | **November 2, 2021 at 01:20 PM** | Location: |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Bring a copy of this notice with you. Creditors may attend, but are not required to do so. Cellular phones and other devices with cameras are not allowed in the building. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>TO THE DEBTOR: Bring an original government issued photo ID and confirmation of social security number. Provide the Trustee a copy of your most recently filed tax return seven days prior to the meeting, but DO NOT FILE WITH THE COURT. | **Meeting will be telephonic. To attend, Dial: 866-909-7148 and enter: 4958999, when prompted for participation code.** |

| 8. **Presumption of abuse** | The presumption of abuse does not arise. |
|---|---|
| If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

| 9. **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: 1/3/22** |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|---|---|

| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|

Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline    page 2