UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LARRY DARNELL GORE, JR., | : | CASE NO. 21-51345-JRS |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 trustee, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | ADV. PRO. NO. 22-5058-JRS |
| | : | |
| MICHAELLE PRETLOW and DOUGLAS PRETLOW, | : | |
| | : | |
| Defendants. | : | |

**TRUSTEE'S MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Larry Darnell Gore, Jr. ("**Debtor**"), by and through undersigned counsel, and hereby moves this Court, pursuant to Fed. R. Civ. P. 65 and Fed. R. Bankr. P. 7065, to issue a temporary restraining order, and later a preliminary injunction, prohibiting (a) Michaelle Pretlow ("**Mrs. Pretlow**") and Douglas Pretlow ("**Mr. Pretlow**" and with Mrs. Pretlow, the "**Defendants**") from removing any fixtures or appliances from that certain real property with a common address of 198 Melody Lane, Lawrenceville, Georgia 30043 (the "**Property**"); and (b) Defendants from denying Trustee and his professionals access to the Property during the pendency of this adversary proceeding and until either (a) Trustee's claims are

17922823v1

fully and finally adjudicated; or (b) the Court issues a further order, after notice and hearing, respecting the Property. In support of his Motion, the Trustee respectfully shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### Background and Relief Requested

2. With this Motion, Trustee seeks a specific and very limited form of injunctive relief in order to protect the Bankruptcy Estate from irreparable harm while this adversary proceeding is pending.

3. In his Complaint, Trustee seeks a judgment against the Defendants: (a) for the willful violations of the automatic stay of 11 U.S.C. § 362 with respect to the Property; (b) turnover of the Property to Trustee under 11 U.S.C. § 542; and (c) removal of the Defendants from the Property under 11 U.S.C. § 542. The factual allegations, on which Trustee has based his claims, are set forth in detail in the Complaint, which is incorporated herein by reference.

4. Interim injunctive relief is proper where it appears by the pleadings that the plaintiff is entitled to the relief demanded, and such relief consists of restraining an act, the occurrence of which would produce irreparable injury to the plaintiff during the pendency of the litigation. *See, e.g.*, Fed. R. Civ. P. 65(b).

5. To obtain such relief, an applicant must show (i) substantial likelihood that it will prevail on the merits of his claim; (ii) a threat of irreparable injury if the injunction is not granted; (iii) that such harm to the applicant outweighs any threatened harm the injunction may

17922823v1

have on other parties; and (iv) that the injunction is not offensive to the public interest. *See Statewide Detective Agency v. Miller,* 115 F.3d 904, 905-06 (11th Cir. 1997).

6. Title 11 of the United States Code (the "**Bankruptcy Code**") prohibits any actions to exercise control over property of a bankruptcy estate without first obtaining relief from the Section 362 automatic stay. 11 U.S.C. § 362. Actions in violation of the automatic stay are void *ab initio*. *In re Nalley*, 507 B.R. 411, 419 (Bankr. S.D. Ga. 2014) (Barrett, J.) (citing *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982) (describing violations as "void and without effect"); *accord U.S. v. White*, 466 F.3d 1241, 1244 (11th Cir.2006); *In re Spivey*, 1998 WL 34066138, at *4 (Bankr.S.D.Ga. March 16, 1998) (Dalis, J) (holding that "[a]ny stay violation is void *ab initio*.")). In addition, Section 542 of the Bankruptcy Code is clear. Any entity in possession of property that a trustee may sell, among other actions, must turn that property over to the trustee. 11 U.S.C. § 542(a). Consequently, Trustee submits that he is exceedingly likely to succeed on the merits of his claims in this adversary proceeding.

7. In addition, irreparable harm would be caused to the Trustee and the Bankruptcy Estate if Defendants were to remove fixtures or appliances from the Property during the pendency of this adversary proceeding, as any such action would immediately and significantly diminish the value of the Bankruptcy Estate's interest in the Property.

8. In addition, if the Trustee is not granted immediate access to the Property, the Bankruptcy Estate will also suffer irreparable damage. For example, the real estate market is extremely favorable to sellers at the moment. If Trustee is denied access to the Property while this adversary proceeding is adjudicated, the Property may severely diminish in value.

9. The threat of harm to the Trustee and the Bankruptcy Estate also outweighs any arguable harm to Defendants. The Defendants will suffer no harm by being required to maintain the

17922823v1

*status quo* and comply with the automatic stay, and there is no doubt that because the Property is property of the Bankruptcy Estate, Trustee and his professionals ought to have access to it. Moreover, in the event of any material change of circumstances or developments in this proceeding, Defendants remain free to petition the Court for authority to lift the automatic stay and to modify or dissolve any temporary restraining order.

10. Finally, the limited relief requested by Trustee is not contrary to any public interest. Trustee simply requests that the Court enforce the automatic stay as plainly set forth in the Bankruptcy Code, prevent Defendants' further violations of the automatic stay, and allow Trustee and his professionals access to the Property, as required by applicable law.

11. For the foregoing reasons, and to prevent any further harm or damages until the Court can hear and adjudicate Trustee's claims asserted herein, the Court should issue a temporary restraining order and then a preliminary injunction, pursuant to Fed. R. Bankr. P. 7065, prohibiting Defendants from taking any such action pending the full and final adjudication of this proceeding, or until further order of the Court after notice and a hearing.

[INTENTIONALLY LEFT BLANK]

17922823v1

WHEREFORE, Trustee respectfully prays that his Motion be granted, and that the Court issue a temporary restraining order, and then a preliminary injunction, pursuant to Fed. R. Bankr. P. 7065, prohibiting: (a) Defendants from removing any fixtures or appliances from the Property; and (b) Defendants from denying Trustee and his professionals access to the Property pending the full and final adjudication of this adversary proceeding, or until further order of the Court after notice and a hearing.

Respectfully submitted this 21st day of March, 2022.

        ARNALL GOLDEN GREGORY LLP
        *Attorneys for Trustee*

        By:*/s/ Michael J. Bargar*
           Michael J. Bargar
           Georgia Bar No. 645709
           michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
404-873-7030

17922823v1

## CERTIFICATE OF SERVICE

I, Michael J. Bargar, certify that I am over the age of 18, and on March 21, 2022, I caused to be served a copy of the forgoing **TRUSTEE'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** by first class United States Mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Michaelle Pretlow
198 Melody Lane
Lawrenceville, GA 30043

Douglas Pretlow
198 Melody Lane
Lawrenceville, GA 30043

John Gerard Brookhuis
Brookhuis Law, LLC
PO Box 17919
Atlanta, GA 30316

Larry Darnell Gore, Jr.
198 Melody Lane
Lawrenceville, GA 30043

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This 21st day of March, 2022.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

17922823v1